IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LATANGELA PHILLIPS,            )
                               )
            Plaintiff,         )
                               )
       v.                      )     1:10CV947
                               )
CITY OF CONCORD,               )
                               )
            Defendant.         )

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the undersigned United States Magistrate Judge for a recommended ruling on a 12(C) Motion for Judgment on the Pleadings filed by the City of Concord Parks and Recreation Department (Docket Entry 15), as well as for disposition of the parties' Joint Proposed Rule 26(f) Report and Discovery Plan (Docket Entry 18), the parties' Amended Joint Proposed Rule 26(f) Report and Discovery Plan (Docket Entry 23), and Plaintiff's Motion for Leave of Court to Amend Complaint (Docket Entry 20).  For the reasons placed on the record at the hearing/conference on October 20, 2011, and set forth in this Order and Recommendation, Plaintiff will be allowed to amend her Complaint to substitute the City of Concord for the City of Concord Parks and Recreation Department as the sole Defendant and, as a result, the Motion for Judgment on the Pleadings should be denied.  In addition, the Amended Joint Proposed Rule 26(f) Report and Discovery Plan will be adopted as clarified herein and the original version of that report will be denied as moot.

This case began when Plaintiff filed a Complaint against the City of Concord Parks and Recreation Department in the Superior Court of Cabarrus County, North Carolina. (Docket Entry 2.) The City of Concord Parks and Recreation Department removed the case to this Court (Docket Entry 1) and, on December 21, 2010, answered (Docket Entry 5). Following briefing (and denial) of Plaintiff's Motion to Remand the case back to state court (see Docket Entries 7, 9-11), the City of Concord Parks and Recreation Department filed its instant 12(C) Motion for Judgment on the Pleadings (Docket Entry 15), in which it argued primarily that the Court should dismiss the Complaint because, as a mere division of the City of Concord, the City of Concord Parks and Recreation Department does not constitute an entity subject to suit (see Docket Entry 16 at 6-8).[1] On October 11, 2011, Plaintiff simultaneously moved for leave to amend her Complaint to substitute the City of Concord as the sole Defendant (see Docket Entry 20 at 1-2) and responded in opposition to the 12(C) Motion for Judgment on the Pleadings, including because Plaintiff had moved for leave to name the proper Defendant (see Docket Entry 21 at 2-3; Docket Entry 22 at 8).

In the interim between the foregoing filings by the City of Concord Parks and Recreation Department and Plaintiff, the two sides filed a Joint Proposed Rule 26(f) Report and Discovery Plan

---

[1] In a footnote in its brief, the City of Concord Parks and Recreation Department also argued that, to the extent Plaintiff's Complaint sought to state an independent cause of action based on any personnel policy of the City of Concord, it failed to state a claim upon which the Court could grant relief. (See Docket Entry 16 at 8 n.2.)

(Docket Entry 18) and the Court set the case for a hearing/conference on all pending matters (Docket Entry 19). In the Order setting that hearing, the Court directed counsel for the City of Concord Parks and Recreation Department "to have an official with the City of Concord with authority to direct litigation present at the hearing/conference or available by telephone." (Id. at 3.)

At that hearing/conference (which took place on October 20, 2011), counsel for the City of Concord Parks and Recreation Department (who also represents the City of Concord) voiced no opposition to the Court granting Plaintiff's request to substitute the City of Concord as the sole Defendant. In addition, Plaintiff agreed that the Court should treat her Motion for Leave of Court to Amend Complaint as seeking to make only that change. Accordingly, the Court will construe Plaintiff's Motion for Leave of Court to Amend Complaint as requesting only to substitute the City of Concord as the sole Defendant in place of the City of Concord Parks and Recreation Department and will grant that request.[2] In light of that decision, it is recommended that the Court deny the 12(C) Motion for Judgment on the Pleadings without prejudice to the right of the City of Concord to argue in a subsequent motion (or otherwise) that Plaintiff's Complaint fails to state a cause of action under any municipal personnel policy.

---

[2] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to this matter.

In addition, at the hearing/conference on October 20, 2011, counsel for the City of Concord Parks and Recreation Department (who also represents the City of Concord) agreed to file an amended version of the parties' previous scheduling order proposal to reflect date modifications to which the parties had agreed (which defense counsel did on October 21, 2011). In discussing scheduling order issues with the two sides, the Court learned that the only point of disagreement concerned whether the case should proceed on a Complex track with agreed-upon modifications or on an Exceptional track with agreed-upon modifications. In light of the agreements between the parties as to the modified terms, the choice between the Complex and Exceptional tracks makes little apparent difference and, to the extent any material distinctions exist in this regard, the Court will designate the case as proceeding on the Complex track with the agreed-upon modifications reflected in the parties' Amended Joint Proposed Rule 26(f) Report and Discovery Plan, which — with that clarification — the Court will adopt.[3] As a result, the original Joint Proposed Rule 26(f) Report and Discovery Plan has become moot.

---

[3] The Amended Joint Proposed Rule 26(f) Report and Discovery Plan states that "[g]iven prior unsuccessful negotiations, mediation may not be helpful or useful in resolving this matter." (Docket Entry 23 at 3.) That same statement appeared in the original Joint Proposed Rule 26(f) Report and Discovery Plan. (See Docket Entry 18 at 2-3.) The undersigned Magistrate Judge tested the parties' view in this regard by holding a settlement conference in conjunction with the hearing/conference on October 20, 2011. Based on the impasse that resulted, the undersigned Magistrate Judge declines to order further mediation in this case. The parties, of course, remain free to seek mediation voluntarily without the intervention of the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave of Court to Amend Complaint (Docket Entry 20) is deemed to request only the substitution of the City of Concord as the sole Defendant in place of the City of Concord Parks and Recreation Department and, as so construed, is **GRANTED**. The Complaint (Docket Entry 2) is amended to substitute the City of Concord in place of the City of Concord Parks and Recreation Department as the sole Defendant in the Complaint and this case. The Clerk is directed to modify the Caption of this case to reflect this substitution. The City of Concord shall have until November 17, 2011, to file its Answer to the Complaint as amended by this Order.

**IT IS FURTHER ORDERED** that the Joint Proposed Rule 26(f) Report and Discovery Plan (Docket Entry 18) is **DENIED AS MOOT** and the Amended Joint Proposed Rule 26(f) Report and Discovery Plan (Docket Entry 23) is **ADOPTED** with the clarification that the case shall proceed on the Complex track with the agreed-upon modifications reflected in the Amended Joint Proposed Rule 26(f) Report and Discovery Plan and without any referral to mediation.

**IT IS RECOMMENDED** that the 12(C) Motion for Judgment on the Pleadings filed by the City of Concord Parks and Recreation Department (Docket Entry 15) be **DENIED**.

                                    /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                              **United States Magistrate Judge**
October 31, 2011